IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY EZELL, #R65015,** ) | |
| ) | |
| **Plaintiff,** ) | |
| vs. ) | Case No. 3:21-cv-01434-SMY |
| ) | |
| **IDOC'S TACTICAL TEAM of May 11, 2021,**) | |
| **DAVID MITCHELL,** ) | |
| **PERCY C. MEYERS,** ) | |
| **UNKNOWN NURSES AND HEALTHCARE** ) | |
| **PROVIDERS, and** ) | |
| **WEXFORD HEALTH SOURCES, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Bobby Ezell, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Pinckneyville Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): After an institution wide shake down where Ezell was required to sit handcuffed with his head down for an hour and a half, two tactical team officers yanked him up out of his seat with such force that pain shot up his spine and he felt stinging pain and numbness from the right side of his neck down into his fingertips. As a result of that injury, he cannot use an ink pen or close his hand due to extreme pain and discomfort.

Wexford Health Sources, Inc. has unconstitutional customs and policies that are carried out by its employees to hamper and outright refuse to provide constitutionally adequate medical care. An x-ray was done for Ezell's injury, which would not show if there was a nerve injury. He should have been sent to a specialist, but instead, was only given a steroid and Motrin. He was seen by three different med-techs who work under Percy Meyers.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

Count 1: Eighth Amendment claim against John Does 1 and 2, IDOC Tactical Team Members on May 11, 2021 for the use of excessive force against Ezell and against Warden Mitchell for failing to intervene and turning a blind-eye to the Tactical Team's violent actions.

Count 2: Eighth Amendment claim against Unknown Nurses and Healthcare Providers for exhibiting deliberate indifference to the injuries Ezell received as a result of the excessive force on May 11, 2021, Dr. Meyers as their supervisor, and Wexford Health Sources for unconstitutional customs and practices that result in the denial of adequate medical care.

## Discussion

### Count 1

The Eighth Amendment protects prisoners from being subjected to cruel and unusual punishment. *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005). "Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018) (internal citations and quotation marks omitted). Plaintiff's allegations are sufficient for this claim to proceed against John Does 1 and 2 IDOC Tactical Team Members

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

for the use of excessive force on May 11, 2021. However, the allegations are insufficient for the claim against Warden Mitchell to proceed. Plaintiff asserts that Warden Mitchell failed to intervene and turned a blind-eye to the Tactical Team's violent actions, but does not allege the warden was present at the time of the alleged use of excessive force. As such, the claim against Warden Mitchell in Count 1 will be dismissed.

## Count 2

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

Plaintiff names as defendants "Unknown Nurses and Healthcare Providers" and alleges he was seen by three different medical providers. Identifying a group of individuals in this manner is improper; Federal Rule of Civil Procedure 8 requires a short, plain statement of the case against each individual. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). And because Plaintiff brings his claim under §1983, he must allege that each defendant was personally involved in the deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("[I]ndividual liability under § 1983 requires personal involvement in the alleged constitutional deprivation") (internal citations and quotation marks omitted). Thus, his allegations do not state a colorable claim against individual nurses or health care providers.

Additionally, Plaintiff fails to state a claim against Dr. Meyers based solely on the allegation that the healthcare providers he saw "work under" Dr. Meyers. Under § 1983, an individual cannot be held liable on a theory of *respondeat superior* (supervisor liability) for the

unconstitutional conduct of a subordinate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Finally, Plaintiff fails to state a claim against Wexford because he must allege that he was subjected to deliberate indifference to a serious medical need as a result of an unconstitutional policy or practice. *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014). He does not identify a particular policy or practice.

For the reasons stated, Count 2 and Unknown Nurses and Healthcare Providers, Dr. Meyers, and Wexford will be dismissed.

### Identification of Doe Defendants

Plaintiff will have the opportunity to engage in limited discovery to ascertain the identity of the Doe defendants. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). In that vein, the Warden of Pinckneyville Correctional Center, in his/her official capacity only, will be added to the docket to respond to discovery for the purpose of identifying the unknown defendant. Guidelines for discovery will be set by the undersigned judge. Once the Doe Defendants are identified, Plaintiff shall file a motion to substitute the newly identified Defendants for the Doe Defendants.

### Disposition

Count 1 will proceed against John Does 1 and 2 IDOC Tactical Team Members on May 11, 2021 but is **DISMISSED without prejudice** as to David Mitchell. Count 2 and Unknown Nurses and Healthcare Providers, Percy Meyers, and Wexford Health Sources are **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** David Mitchell, Unknown Nurses and Healthcare Providers, Percy Meyers, and Wexford Health Sources as parties and **ADD** the Warden of Pinckneyville Correctional Center, official capacity only, to the docket for purposes of responding to discovery to identify the Doe Defendants.

The Clerk of Court shall prepare for the Warden of Pinckneyville Correctional Center (official capacity only) and once identified, John Does 1 and 2 IDOC Tactical Team Members on May 11, 2021: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendants until such time as Plaintiff has identified them by name in a properly filed motion for substitution of party.  Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.  As the Warden of Pinckneyville Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to

enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 6, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants Answers, but it is entirely possible that it will take **90 days** or more. When Defendants have filed Answers, the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**