IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY EZELL, #R65015,** | ) |
| | ) |
| **Plaintiff,** | ) |
| vs. | )   Case No. 3:21-cv-01434-SMY |
| | ) |
| **IDOC'S TACTICAL TEAM of May 11, 2021,** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

**YANDLE, District Judge:**

This matter is before the Court on Plaintiff's Motion for Miscellaneous Relief (Doc. 30). Plaintiff seeks recruitment of counsel, weekly law library access, and an order compelling action by Defendants' counsel.

First, Plaintiff states he needs recruited counsel to assist him in writing motions and reviewing camera footage to identify the Doe Defendants. Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655. The guidelines and process for the identification of Doe Defendants are set forth in the Scheduling and Discovery Order (Doc. 16). The Court finds Plaintiff is capable of following that process. Therefore, Plaintiff's request for recruitment of counsel is **DENIED**.

Next, Plaintiff requests weekly access to the law library. He does not allege that he has been denied access to the law library, nor has he demonstrated interference with his ability to

litigate this matter. Under those circumstances, the Court defers to prison administrators with regard to the execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. *See Mays v. Dart*, 974 F.3d 810, 820 (7th Cir. 2020) ("Correctional administrators must have substantial discretion to devise reasonable solutions to the problems they face, particularly when safety and security interests are at stake."). The request is therefore **DENIED**.

Finally, Plaintiff seeks a court order compelling Defendants' counsel to review camera footage and identify the Doe Defendants. Again, the guidelines for the process of identifying the Doe Defendants is set forth in the Scheduling and Discovery Order (Doc. 16), which the Court recently amended at Plaintiff's request (Doc. 29). If, after complying with that process, the Doe Defendants remain unidentified, Plaintiff may file a motion specifying additional steps that can be taken to identify the Doe Defendants. This request is also **DENIED**.

**IT IS SO ORDERED.**

**DATED:** October 24, 2022

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**