**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

BOBBY EZELL, #R65015,                          )
                                               )
            Plaintiff,                         )
                                               )
vs.                                            )    Case No. 21-cv-1434-SMY
                                               )
AUSTIN NEIBEL,                                 )
                                               )
            Defendant.                         )

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

Plaintiff Bobby Ezell is an inmate of the Illinois Department of Corrections ("IDOC"). He is currently incarcerated at Pinckneyville Correctional Center where his claims arose. Ezell alleges that Defendant Austin Neibel violated his constitutional rights when he subjected him to excessive force, injuring his right arm and hand. This case is now before the Court for consideration of Defendant's Motion to Dismiss (Doc. 112), to which Plaintiff responded (Doc. 114). For the following reasons, the motion is **DENIED**.

### Factual and Procedural Background

Plaintiff makes the following relevant allegations in the Amended Complaint: Pinckneyville Correction Center conducted an institutional shakedown on May 12, 2021. During the shakedown, masked tactical team personnel handcuffed Ezell behind his back and required him to sit down with his chin turned downward. Ezell complied with staff directives throughout the shakedown. As the shakedown ended, Ezell remained seated with his hands cuffed behind his back. Neibel approached Ezell from behind and thrusted him into a standing position by yanking the handcuffs binding his hands behind his back. In doing so, Neibel wrenched Ezell's wrist up behind the middle of his back. Ezell immediately felt an extreme pain shoot up his spine

accompanied by a burning sensation radiating through his neck, right shoulder, right arm, right hand, and fingertips.

During the shakedown, IDOC personnel wore face coverings, did not wear nametags, and instructed inmates to keep their heads and eyes down.  These circumstances initially prevented Ezell from capturing anything other than a description of Neibel's physical characteristics.  However, in 2022, Neibel admitted to Ezell that he was the "one who hurt" him during the shakedown and asked him if he wanted to go for "round two."

Ezell filed his original Complaint on November 16, 2021 (Doc. 1).  The complaint was screened and an Order entered on May 6, 2022 dismissing all claims other than those against the John Doe defendants (Doc. 13).  The Order explained that Ezell "would have the opportunity to engage in limited discovery to ascertain the identity of the Doe defendants."  *Id*.  Seventy-three days passed before the Court docketed the Scheduling and Discovery Order regarding the Doe Defendants on July 18, 2022 (Doc. 16).  The Scheduling Order provided, among other things, that Ezell could "produce to the Warden … any information he possesses which will help identify the Doe Defendants."  *Id*. at 1.  Despite multiple attempts to seek discovery to assist Ezell in identifying the Doe defendant, Ezell did not see photographs of IDOC employees present during the May 12, 2021 shakedown until November 21, 2023 (Doc. 53, at 4).[1]  At that time, Ezell first conclusively identified Neibel as his assailant.  *Id*. at 2.  On December 6, 2023, Ezell substituted Neibel as one of the John Doe defendants (Doc. 55).

---

[1] During discovery, IDOC produced a photo roster of IDOC personnel present during the shakedown.  Ezell identified Neibel's name on that roster, and to Ezell's knowledge, no other officers listed on that roster matched the physical description of the officer who injured him when the shakedown occurred.

**Discussion**

Neibel moves to dismiss Ezell's Amended Complaint under Rule 12(b)(6), asserting his claims are barred by the statute of limitations.  To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a Complaint must "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft,* 556 U.S. at 678.

"While a statute of limitations defense is not normally advanced in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), when the allegations of the Complaint reveal that relief is barred by the applicable statute of limitations, the Complaint is subject to dismissal for failure to state a claim."  *Logan v. Wilkins*, 644 F.3d 577, 582 (7th Cir. 2011).  The Court may only dismiss a claim on statute of limitations grounds at the motion to dismiss stage when it is clear from the face of the Complaint that it is "hopelessly time-barred."  *Cancer Found, Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009).

It is not clear from the face of the Amended Complaint that Ezell's claims are "hopelessly time-barred".  Ezell alleges that IDOC personnel wore face coverings, did not wear nametags, and instructed inmates to keep their heads and eyes down.  These circumstances initially prevented him from capturing anything other than a description of Neibel's physical characteristics.  Ezell alleges that in 2022, Neibel admitted he was the "one who hurt" him during the shakedown.  However, Ezell was unable to place a name with Neibel's physical appearance until after IDOC produced a photo roster during discovery.  The complaint allegations do not establish that he knew Neibel was his assailant prior to the photo array produced during discovery in this case.

Moreover, Ezell's claims were equitably tolled while this Court screened his Complaint. *See Bryant v. City of Chi.*, 746 F.3d 239, 243-44 (7th Cir. 2014) (statute of limitations should be equitably tolled while plaintiff awaits ruling on a motion that is necessary for him to proceed with his case, such as an application for leave to proceed *in forma pauperis); Sims v. Olszewski*, No. 17 C 79, 2017 WL 1903121, at *7 (N.D. Ill. May 9, 2017) (collecting cases).  Here, Ezell filed his initial Complaint within the statute of limitations, but his ability to pursue his claims and identify Neibel as the Doe defendant that allegedly violated his constitutional rights was interrupted by the Court's screening of his Complaint.  These factors were clearly outside of Ezell's control.

The Court completed screening of the initial Complaint on May 6, 2022 – 171 days after Ezell filed it.  Ezell is also entitled to tolling for the 73-day period after the Court completed screening the Complaint and when it entered the Scheduling Order allowing him to engage in limited discovery to ascertain the identity of the Doe defendants.  Thus, Ezell's claims were tolled for 244 days during the screening process, allowing him until January 2024 to substitute the Doe defendant.  Ezell timely substituted Neibel as a defendant on December 6, 2023.

## Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. 112) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 2, 2026**

**STACI M. YANDLE**
**Chief United States District Judge**